**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSE ADANMA DURU,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:15-CV-0435-D-BK** |
| | § | |
| **BAKER DONELSON BEARMAN** | § | |
| **CALDWELL & BEARKOWITZ PC,** | § | |
| **et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States Magistrate Judge.  For the reasons that follow, it is recommended that this action be dismissed without prejudice as duplicative of a pending case.

On February 9, 2015, Plaintiff filed a *pro se* complaint against the law firm of Baker Donelson, Bearman, Caldwell & Bearkowitz PC, and attorneys Jeffrey W. Hastings and Kali M. Jackson, asserting Defendants improperly removed Case Numbers DC-14-10058 and DC-14-13482 to this Court.  [Doc. 1 at 1].  Plaintiff claims "abuse of power; obstruction of justice; misrepresentation; tortious interference" and other violations.  [Doc. 1 at 2].  Her allegations, however, duplicate the claims she is presently pursuing in *Duru v. Hastings, et al.*, No. 3:14-CV-4481-B-BK (N.D. Tex.) (removed from No. DC-14-13482).  Consequently, this case should be dismissed without prejudice as duplicative.  *See Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993) (A complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff."  Courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more").

1

For the foregoing reasons, it is recommended that this action be **DISMISSED without prejudice** as duplicative of a pending action, and that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied as moot [Doc. 3].

SIGNED February 10, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE